**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRYAN JESUS APAZA, | No.   19-72887 |
| Petitioner, | Agency No. A208-968-859 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Immigration Judge

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Bryan Jesus Apaza, a native and citizen of Peru, petitions for review of an

immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he did

not have a reasonable fear of persecution or torture in Peru, and is thus not entitled

to relief from his reinstated removal order.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review an IJ's negative reasonable fear determination for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We dismiss in part, grant in part, and deny in part the petition for review, and we remand.

We reject as unsupported by the record Apaza's contention that the IJ erred by not addressing an imputed political opinion claim. Further, we lack jurisdiction to consider Apaza's contentions as to the merits of an imputed political claim because he did not raise this issue to the IJ. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence does not support the IJ's determination that Apaza failed to establish a reasonable possibility of persecution on account of his proposed social groups of Peruvian men believed to be homosexual and Peruvians believed to be indigenous. *See Bartolome v. Sessions*, 904 F.3d 803, 808 (9th Cir. 2018) (an applicant has a reasonable fear of persecution when there is a reasonable possibility that he would be persecuted on account of a protected ground); *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (withholding of removal claims require only that a protected ground is "a reason" for persecution). In addition, it is unclear from the IJ's decision whether the IJ made determinations as to Apaza's remaining proposed social groups of family members of his deceased uncle, Peruvian men who work in hair salons, and Peruvians who have evaded

police extortion. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (the agency is "not free to ignore arguments raised by a petitioner."). Thus, we grant the petition for review as to Apaza's reasonable fear of persecution claims and remand to the IJ for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the IJ's determination that Apaza failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Peru. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir. 2003) (petitioner could avoid torture through relocation).

Apaza's motion for a stay of removal (Docket Entry Nos. 1 and 5) is denied as moot.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; DENIED in part; REMANDED.**